IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARRYL BRADLEY,

         **Plaintiff,**

  v.              CASE NO. 19-3049-SAC

KIRK THOMPSON,

         **Defendant.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Darryl Bradley, a prisoner being held at the Winfield Correctional Facility in Winfield, Kansas, brings this *pro se* civil rights action pursuant to 28 U.S.C. § 1331[1]. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

**Nature of the Matter before the Court**

Plaintiff's complaint (ECF No. 1) challenges the constitutionality of the Kansas Offender Registration Act, K.S.A. 22-4901, *et seq*. ("KORA"). Plaintiff is currently serving a sentence for violating KORA three or more times. Plaintiff names as defendant Kirk Thompson, Director of the Kansas Bureau of Investigation.

---

[1] Section 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This statue provides for federal question jurisdiction. However, the complaint must still state a cognizable claim under the Constitution or federal law. Because the complaint refers to "civil rights violations" and because it names a state actor as the defendant, the Court construes the case as being brought pursuant to 42 U.S.C. § 1983.

Plaintiff brings five (5) counts. For Count I, Plaintiff alleges KORA violates the First Amendment because of punishment that stems from public dissemination of his biographical information through the internet. Count II claims KORA violates the Fifth and Fourteenth Amendments because it is punitive and violates the double jeopardy clause. Count III argues KORA violates the Eighth Amendment because it is punishment. Count IV alleges KORA violates Plaintiff's Fourteenth Amendment rights to due process and equal protection because different crimes result in different registration periods. Last, Count V claims KORA violates the ex post facto clause.

Plaintiff seeks declaratory relief finding KORA unconstitutional, unspecified injunctive relief, and monetary damages.

**Procedural Background**

The complaint in this case was originally filed in Case No. 18-3084 as ECF No. 4. It was signed by Mr. Bradley and four (4) other plaintiffs. The first named plaintiff, Lonnie Davidson, subsequently filed an amended complaint, which was not signed by any other plaintiff, and later requested voluntary dismissal. The Court dismissed Case No. 18-3084, opening new cases for Mr. Bradley and the other three remaining plaintiffs, using the complaint that was signed by all original plaintiffs.

**Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally

frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2); 1915(e)(2)(B).

A court liberally construes a *pro se* complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at

1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**Discussion**

After reviewing Plaintiff's complaint with the standards set out above in mind, the Court finds that the complaint is subject to summary dismissal under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e).

The first problem with the complaint is that, while signed by Plaintiff, it does not include any allegations related to him. All specific facts refer only to Mr. Davidson, who is not a plaintiff here. The Court is therefore unable to determine whether Mr. Bradley has standing to bring this action. To show that he has standing, the plaintiff must demonstrate that he has suffered an actual injury to a legally protected interest, that there is a causal connection between the injury and the complained of conduct, and that it is likely the injury would be redressed by a favorable decision. *Schaffer v. Clinton*, 240 F.3d 878, 882 (10th Cir. 2001) (quoting *United States v. Hays,* 515 U.S. 737, 742–43 (1995)). In addition, Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Because the complaint contains no assertions specific to Mr. Bradley, he has not demonstrated that he has standing to bring this action or that he is entitled to relief.

Moreover, the *Heck* doctrine requires the dismissal of Plaintiff's complaint. Under *Heck*, when a state prisoner seeks relief in a civil rights lawsuit under § 1983, his complaint must be dismissed where a judgment in his favor would necessarily imply the invalidity of his conviction or sentence, unless the plaintiff can show that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As explained by the Tenth Circuit:

> In *Heck v. Humphrey*, the Supreme Court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted).

*Reed v. McCune*, 298 F.3d 946, 953-54 (10th Cir. 2002).

"[I]f the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487-88. The purpose behind *Heck* is "to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Johnson v. Pottawotomie Tribal Police Dep't*, 411 F. App'x 195, 198 (10th Cir. 2011), *quoting Butler v. Compton,* 482 F.3d 1277, 1279 (10th Cir. 2007).

The rule in *Heck* is not limited solely to claims for damages asserted under § 1983. *See Lawson v. Engleman,* 67 F. App'x 524, 526 (10th Cir.2003) (applying *Heck* to bar claims for declaratory and injunctive relief under §§ 1983 and 1985). "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005).

Claims that are subject to the *Heck* bar have not yet accrued and therefore are premature. Such claims are dismissed without prejudice. *See Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck,* the dismissal should be without prejudice.").

Because a ruling that KORA is unconstitutional would demonstrate the invalidity of Plaintiff's conviction for violating KORA and because Plaintiff has not shown that his conviction has already been invalidated, whether reversed on direct appeal, expunged by executive order, called into question by a federal court's issuance of a writ of habeas corpus, or otherwise invalidated, his claims appear to be barred by *Heck*. *See Heck*, 512 U.S. at 487. Unless Plaintiff can show that his convictions under KORA have already been invalidated, this complaint is subject to dismissal under *Heck*.

## VI. Response Required

For the reasons stated herein, it appears that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Plaintiff is therefore required to show good cause why his complaint should not be dismissed. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2] Plaintiff is given time to file a complete and proper amended complaint in

---

[2] In order to add claims, significant fact allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed.R.Civ.P. Rule 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. It follows that Plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that the plaintiff intends to pursue in this action, including those to be retained from the original complaint. Plaintiff must write the number of this case (19-CV-3049-SAC) at the top of the first page of his amended complaint. He must name every defendant in the caption of the amended complaint. *See* Fed.R.Civ.P. Rule 10. He should also refer to each defendant again in the body of the complaint, where he must

6

which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim of federal constitutional violation and show a cause of action in federal court, and (3) alleges sufficient facts to show personal participation by each named defendant. If he does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient complaint.

Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **July 19, 2019**, in which to show good cause, in writing, why his complaint should not be dismissed without prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that within the same period of time Plaintiff may file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS SO ORDERED.**

DATED: This 19th day of June, 2019, at Topeka, Kansas.

> **s/ Sam A. Crow**
> **SAM A. CROW**
> **U.S. Senior District Judge**

---

allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.